## JOHN F. THOMPSON v. C. F. ARNOLD & COMPANY.

Western Section. July 1, 1930.

W. S. Draper and R. E. Rice, of Dyersburg, for appellee.
W. B. Rosenfield, of Memphis, for appellant.

OWEN, J. Defendants C. F. Arnold & Company have appealed from a decree rendered in the Chancery Court of Dyer County. John F. Thompson, a citizen of Dyer county, filed his bill in the Chancery Court against the defendants, alleging that they were non-residents of Tennessee, and that they were indebted to him in the sum of $2900; that the debt was just, due and owing to the complainant and that he was entitled to a writ of attachment to be levied on any property of the defendants to be found within the jurisdiction of the court.

Proper attachment bond was given and the attachment writ issued. Garnishment was served on the Farmers Bank of Trimble, Tennessee. This bank filed an answer, duly sworn to, wherein it stated that at the time of the service of the garnishment notice upon it, it had in its possession the sum of $1181.87, which was the property of the defendants C. T. Arnold & Company. The garnishee says that the said sum was the proceeds of four drafts drawn by C. F. Arnold & Company upon the complainant John F. Thompson, which said drafts with bill of lading attached were sent to the garnishee bank (Farmers Bank of Trimble, Tenn.), by the Interstate National Bank of Kansas City, Missouri, for collection and remittance. The said drafts were paid by said John F. Thompson and the said funds were in possession of the garnishee bank when this notice was served upon it.

The said four drafts are as follows, to-wit:

| No. 19797 | $300.96 |
|---|---|
| No. 19592 | 318.08 |
| No. 19813 | 270.17 · |
| No. 19814 | 292.66 |
| | $1181.87 |

"The said garnishee answering further states that it does not have in its possession nor does it know of any other or further assets of the said defendant anywhere.

"And now having fully answered this garnishee defendant prays to be hence dismissed with its reasonable cost, etc. Farmers Bank of Trimble, Tenn. By Irl Hendricks, Cashier."

The defendant Arnold & Company filed a plea in abatement, the substance of this plea being as follows:

"I. That the property on which the attachment was levied in this cause did not belong to the defendant.

"II. That no person has been made a party defendant to this bill and no allegation is made in the bill as to whether or not the defendant is a corporation or an individual.

"III. There has been no valid service of process upon this defendant because at the time of the issuance of the attachment in this cause there was no property belonging to this defendant within the jurisdiction of the court.

"IV. That the money which was attached under process of this court in this cause was and is the property of the Interstate National Bank and this defendant has no interest therein."

A motion was filed, insisting that this plea was insufficient. This was overruled, and thereupon the complainant joined issue on the plea and seasonably entered a motion to have a jury to try the issues of fact involved in the pleadings, and the following issue of fact, made up by the parties under the direction of the court, was submitted to the jury:

"Did the money attached in the cause belong to C. F. Arnold & Company, at the time the attachment was levied? A. Yes."

The Chancellor approved of the jury's finding and rendered judgment against the defendants for the amount the bank answered that it had in its hands belonging to the defendants. The defendants refused to plead further to said bill.

There was a motion for a new trial, which was overruled, and an appeal prosecuted by the defendants Arnold & Company. The Bank of Trimble has not appealed.

The first assignment of error is, that there is no evidence to sustain the verdict of the jury and the judgment of the court; second, that the verdict of the jury and judgment of the court is contrary to the evidence; third, the court erred in overruling defendant's exception and objection to the introduction as evidence of answer of the garnishee, the Farmers Bank of Trimble, Tennessee. The fourth and fifth assignments go to the court's action in sustaining the exception and objection to certain testimony of B. L. Pyle and A. B. Christman witnesses who gave their depositions in behalf of the defendants. These assignments are overruled, because they do not comply with the rules of this court. We are not cited to any part of the record wherein this evidence may be found. Rule II, subsection 3 provides that when the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found. 1 Tenn. App., appendix, p. 3, Adopted May 19, 1925; 151 Tenn., page 815.

These two assignments are overruled.

The sixth assignment is that the court erred in overruling defendant's motion for a new trial. This assignment is too general and is overruled.

The first, second and third assignments will be treated together as they raise but one proposition, is there any material evidence to sustain this verdict and judgment.

It is the insistence of counsel for appellants that the answer of the Bank, the garnishee, is a mere conclusion. We do not think so. The Bank stated that it had collected four drafts drawn by C. F. Arnold & Company on John F. Thompson, describing the drafts, and stated that said funds were in possession of the garnishee bank when the notice was served. There was an intervening petition filed by a certain bank in Kansas City, claiming this fund that the Bank of Trimble had, but that intervening petition was dismissed by the petitioner upon its own motion.

A. B. Christman gave his deposition. He is the cashier of the Interstate National Bank, which bank filed the intervening petition and then withdrew same. He stated that Arnold & Company maintained their account with said bank, kept deposits with the bank, and drew the checks on said bank, but this witness did not testify that Arnold & Company were charged with these drafts for which the bank had not received a remittance; he testified that Arnold & Company draw their drafts and ''deposit with us and we would give them the credit on their checking account; that this is in accordance with the usual procedure, and that these drafts were credited to the checking account of the defendants C. F. Arnold & Company.

No statement of the account upon the books of the bank was filed by this witness, and the bank was in possession of all the transactions, and its failing to show that it had not charged the drafts back to Arnold & Company, the inference is that it had protected itself and that it really took the drafts for collection, and placed the amount when collected to the account of the defendants.

We find evidence sustaining the decree of the Chancellor. All of the assignments of error are overruled and disallowed, and the judgment of the lower court is affirmed.

Judgment will be rendered against the defendants Arnold & Company for the amount rendered in the lower court, with interest thereon from the date of its rendition, to be satisfied by the judgment rendered against the Bank of Trimble, for which execution will issue. Execution will issue against the defendants Arnold & Company and their surety on appeal bond for all of the cost of the cause, including cost of appeal.

Senter and Heiskell, JJ., concur.